UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDSAY RATLIFF, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ANTHEM INSURANCE COMPANIES, INC., )<br>)<br>Defendant. ) | Case No.: 1:19-cv-02276 |

## COMPLAINT

### I. STATEMENT OF THE CASE

1. Plaintiff Lindsay Ratliff ("Plaintiff"), by and through her attorneys— Goodin Abernathy, LLP, brings this action against Anthem Insurance Companies, Inc. ("Defendant") for failing to pay all hours worked, and overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiff states the following as her claims against Defendant.

### II. JURISDICTION AND VENUE

2. This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court, Southern District of Indiana, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and a majority of the events or omissions giving rise to the claims occurred in this District.

### III. PARTIES

4. Plaintiff is an adult resident of Marion County, Indiana.

5. Plaintiff worked for Defendant from September 2001 to February 2019 as an hourly Benefits Administrator.

6. Plaintiff was an employee defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g).

7. Defendant, Anthem Insurance Companies, Inc. ("Anthem") is an Indiana company with its principal place of business located at 120 Monument Circle, Indianapolis, IN 46240. Anthem is an employer within the meaning of 29 U.S.C. § 203(d).

8. Headquartered in Indianapolis, Indiana, Anthem, Inc. is an independent licensee of the Blue Cross and Blue Shield Association serving members in 14 states: California, Colorado, Connecticut, Georgia, Indiana, Kentucky, Maine, Missouri, Nevada, New Hampshire, New York, Ohio, Virginia and Wisconsin.

9. Anthem operates over multiple locations in Indiana and throughout the 14 Anthem States and employs over 58,000 associates.

10. Defendant's gross annual sales made or business done has been $500,000 or greater per year at all relevant times, with assets over $70.5 billion as of December 31, 2017.

### IV.   FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

11. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

12. Plaintiff worked for Defendant as an hourly Benefits Administrators during the past three years.

13. Not all Benefits Administrators are hourly employees, as some are paid a salary.

14. Plaintiff routinely worked more than 40 hours per week, but was not paid for overtime.

15. Plaintiff was not a staffing or frontline supervisor responsible for hiring or terminating other employees.

16. Defendant had a common policy of not paying Plaintiff at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours worked as required by the FLSA.

17. During the time of her employment, Plaintiff routinely worked 60-65 hours per week.

18. Plaintiff's direct supervisor was Rene Miller.

19. In July of 2017, Rene Miller asked Plaintiff to work on a high profile account while the Plaintiff was out of state on vacation.

20. Miller threatened to withhold Plaintiff's paid time off (PTO) if she did not work on the account during her vacation.

21. Plaintiff worked through her vacation for fear of losing her job, but explained to Miller that such an account should have been given to a salaried Benefits Administrator because of the time required to tend to the account.

22. Plaintiff reported the lack of overtime payment to Anthem's Human Resources Department in December of 2018.

23. Plaintiff's claim was denied.

24. Plaintiff was terminated on January 31, 2019.

25. Defendant willfully operated under a common scheme to deprive Plaintiff of proper overtime compensation by paying her less than what is required under federal law.

26. As one of the nation's leading health benefits companies, Anthem should have been aware that Plaintiff performed work that required proper payment of overtime compensation.

27. Defendant knew that Plaintiff worked overtime hours without receiving proper overtime pay.

28. Defendant was aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

## V. COUNT I
### Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

29. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

30. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

31. The FLSA requires covered employers like Defendant to pay non-exempt employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

32. Plaintiff regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate her for all overtime hours as required by the FLSA.

33. Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff.

34. Defendant knew Plaintiff worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff wages at the required overtime rates. See 29 U.S.C. § 255.

35. Defendant's willful failure and refusal to pay Plaintiff overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

36. As a direct and proximate result of these unlawful practices, Plaintiff suffered and continues to suffer wage loss and is therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of her claims, liquidated damages or prejudgment

interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

B. A finding that Defendant's violations of the FLSA are willful;

C. An amount equal to Plaintiff's damages as liquidated damages;

D. All costs and attorneys' fees incurred prosecuting this claim;

E. An award of any pre- and post-judgment interest; and

F. All further relief as the Court deems just and equitable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F: 317/574-3095
cclark@goodinabernathy.com
05-015